*295 OPINION.
Sternhagen:
The Commissioner, acting under section 218 (a), Revenue Act of 1921,[1] determined that the item of $6,001.20 was part of the distributive share of Burns as a partner in the income *296 of the partnership of Curran and Barry in 1923. If this provision of the statute applies, it is immaterial that the amount was actually received in 1924, even though Burns made his .individual return on the basis of actual receipts. The petitioners contend, however, that Burns was not a partner and therefore section 218 is not applicable. They concede that if a partnership existed the deficiency is correct. That a New York limited partnership is within section 218, as stated in article 1505, Regulations 62,[2] is not disputed.
The agreement sets forth that the parties form a limited partnership. Its terms are those prescribed by the Limited Partnership law of New York, Cons. Laws, ch. 39, art. 8, which are those of the uniform partnership law. It is suggested by petitioners that it does not appear that the State requirements of recording and publication- have been fulfilled. The burden of proof being on petitioners, we apply the omission against them and assume the performance of these formal statutory requirements. Were they not performed, authority is lacking to establish that such omission is ipso facto so substantial as to make the relation invalid as a limited partnership.
Assuming, however, as petitioners urge, that these formal matters are requisite and that they have been omitted, the effect would have been not to destroy the partnership relation, but rather to have deprived the decedent of his limitation of liability and to have left him a general partner.
We have considered the petitioners’ argument seeking to demonstrate that this was in no event a partnership and that decedent was a mere lender with no interest in the profits. We can not adopt petitioners’ reiterated notion that decedent had no proprietary interest in the firm. Looking at the evidence, we find only the bare terms of the agreement, the fact of payment and the fact that both decedent during his lifetime and the firm prior to and after his death stated on their income-tax returns that this was a partnership of which Burns and his estate were members, and that the amount received by Burns and his estate were their shares of partnership income. From the evidence we are of opinion that a partnership existed within the meaning of section 218, and the respondent’s determination upon that hypothesis was correct.

Judgment will be entered for the respondent.

 Sec. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not,vf the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner’s net income is computed.

 Art. 1505. limited partnership as partnership. — So-called limited partnerships of the type authorized by the statutes of New York and most of the States are partnerships and not corporations within the meaning of the statute. Such limited partnerships, which can not limit the liability of the general partners, although the special partners enjoy limited liability so long as they observe the statutory conditions, which are dissolved by the death or attempted transfer of the interest of a general partner, and which can not take real estate or sue in the partnership name, are so like common law partnerships as to render impracticable any differentiation in their treatment for tar purposes. Michigan and Illinois limited partnerships are partnerships. A California special partnership is a partnership.